**ORIGINAL**

# In the United States Court of Federal Claims

**FILED**

No. 16-560 C
(Filed: February 9, 2017)

FEB -9 2017

U.S. COURT OF
FEDERAL CLAIMS

* * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| DANIEL CHASE HARRIS, | Military Pay Act, 37 U.S.C. § 204; Absent Without Leave ("AWOL"); 37 U.S.C. § 503; Absence Excused as Unavoidable; DOD Financial Management Regulation; Pretrial Confinement; Subsequent Conviction; Due Process; Jurisdiction. |
|       Plaintiff, | |
| v. | |
| THE UNITED STATES, | |
|       Defendant. | |

* * * * * * * * * * * * * * * * * * * *

*Daniel C. Harris*, pro se, plaintiff.

*Meen Gue Oh*, Trial Attorney, United States Department of Justice, Civil Division, Commercial Litigation Branch, Washington, DC; with whom was *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, *Douglas Mickle*, Assistant Director, for defendant. LT Zachary Dembo, United States Navy, Office of the Judge Advocate General, of counsel.

## OPINION

BRUGGINK, Judge.

    This is a military pay case in which plaintiff seeks to recover back pay for the period of time during his civilian pre-trial confinement. Pending is defendant's motion to dismiss for failure to state a claim and lack of jurisdiction. The motion is fully briefed; oral argument is unnecessary. Plaintiff has established jurisdiction for his back pay claim, which is based on a money-mandating federal pay statute but has failed to establish jurisdiction on a separate claim challenging the jurisdiction of the civilian court to prosecute a military member. The case raises the question of whether a serviceman held

1

in confinement prior to conviction is absent without leave, or if instead, his absence from duty is excused. Because plaintiff's absence from duty was not excused as unavoidable and because he was afforded due process, he has failed to state a claim for back pay.

## BACKGROUND

Plaintiff has been an officer in the United States Navy since May 2005. He was arrested on November 12, 2013, for various sexual offenses involving minors. Two days after his arrest, the Navy withheld his pay pending the outcome of his criminal proceedings. On March 9, 2015, plaintiff was convicted on 31 of 32 criminal counts by a jury in the United States District Court for the Eastern District of Virginia. He was sentenced on July 13, 2015, to 50 years in prison and supervised release for the remainder of his life. Following the verdict, on April 25, 2016, the Navy recommended to a Board of Inquiry that plaintiff be separated with an "Other Than Honorable" discharge. Plaintiff has not yet been discharged.

On May 9, 2016, plaintiff filed a complaint in this court seeking to recover back pay for the period of time from his arrest to the present. Defendant moved to dismiss on July 11, 2016 pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). On October 3, 2016, plaintiff filed a motion for leave to amend his complaint to remove from his pay claim the period of time after conviction. The proposed amended complaint also contained substantive responses to defendant's motion to dismiss. Because the proposed amendment only narrowed plaintiff's claim, the court ordered that there was no prejudice in denying plaintiff's motion to amend his complaint and also deemed the proposed amended complaint to be the response to defendant's motion to dismiss.

## DISCUSSION

Defendant moves to dismiss for failure to state a claim upon which relief may be granted and for lack of subject matter jurisdiction over certain elements of plaintiff's back pay claim. Defendant also moves to dismiss for lack of subject matter jurisdiction over plaintiff's due process claim challenging the jurisdiction of a civilian court to prosecute a military service member.

I. Statutory Claim For Back Pay

In deciding a motion to dismiss under RFCF 12(b)(6), the court assumes the truth of all of the factual allegations in the complaint to determine whether it states a claim upon which relief may be granted as a matter of law. *See Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002). The allegations of the complaint "must be enough to raise a right to relief above the speculative level" in order to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "[l]egal conclusions, deductions, or opinions couched as factual allegations are not given a presumption of truthfulness." *Blaze Constr., Inc. v. United States*, 27 Fed. Cl. 646, 650-651 (1991). Thus, if the allegations are plausible and not otherwise legally insufficient, a complaint will survive a motion under RCFC 12(b)(6).

The Military Pay Act provides that a member of a uniformed service who is on active duty is "entitled to the basic pay of the pay grade to which [he is] assigned." 37 U.S.C. § 204(a) (2012). A service member is not entitled to pay, however, when he or she is "Absent Without Leave (AWOL)." 37 U.S.C. § 503(a) ("A member of the . . . Navy,. . .who is absent without leave or over leave, forfeits all pay and allowances from the period of that absence, unless it is excused as unavoidable."). Department of Defense Financial Management Regulation ("DOD Regulation"), Volume 7A, Chapter 1, Tables 1-12 and 1-13 lists various reasons for AWOL status and whether those circumstances are excused as unavoidable. Table 1-12, Rule 6 explains that "when a member is absent from duty in confinement by civil authorities and the absence is not excused as unavoidable then the member is not entitled to pay and allowances, except for that part of the period that is covered by authorized leave, liberty, or pass." DOD Regulation, vol. 7A, ch.1 at 63, Table 1-12, Rule 6 (2016).

Plaintiff does not challenge the application of 37 U.S.C. § 503(a) regarding his AWOL status after his conviction. *See Matthew v. United States*, 750 F.3d 1320, 1323 (Fed. Cir. 2014) (holding that a plaintiff who is tried and convicted by civilian authorities and is in federal prison is absent from duty without leave, and his absence cannot be excused as unavoidable); *Lewis v. United States*, 114 Fed. Cl. 682, 687 (2014) ("Section 503(a) is an insurmountable obstacle to [a] claim for back pay and allowances for any period during which the plaintiff was incarcerated."). Rather, plaintiff urges that the period of time he was confined prior to his conviction, or sentencing,

be considered "excused as unavoidable" under the applicable regulations.[1] The parties cite different regulatory provisions to answer the question of whether plaintiff's pre-trial absence from service was excused.

Plaintiff argues that Table 1-12 treats a service member's absence during pre-trial confinement as excused as unavoidable, thus making plaintiff entitled to full pay during his absence. Plaintiff cites DOD Regulation Table 1-12, Rule 5, which states that, if the plaintiff is absent from duty because he is held in confinement by civil authorities *and* the absence is excused as unavoidable, then he is entitled to otherwise proper credits of pay and allowances. DOD Regulation, vol. 7A, ch.1 at 63, Table 1-12, Rule 5.

Defendant counters with DOD Regulation Table 1-13, Rule 6, which states that, if a service member is absent from duty because he is confined by civil authorities and is tried and convicted, then his absence is not excused as unavoidable. DOD Regulation, vol. 7A, ch.1 at 65, Table 1-13, Rule 6. Because plaintiff was subsequently tried and convicted, his pre-trial confinement was not excused and cannot support a claim for back pay, argues defendant.

Plaintiff replies that Rule 6 of Table 13 only applies after the conviction has taken place, i.e., it says nothing regarding his pretrial confinement. He points to the surrounding rules in the DOD regulations that concern themselves with the ultimate disposition of a service member's criminal case to argue that the context of these rules is for discerning a member's pay status post-disposition. He avers that the standard practice of the uniformed services is to pay a member until they are convicted or separated from service.[2]

---

[1] Plaintiff takes the position in his briefing that the relevant event is his sentencing rather than his conviction, but he refers generally to the period of time that he seeks compensation for as his "pretrial confinement."

[2] Plaintiff cites three cases in support of his argument that pretrial confinement is treated as an excused absence. The first two cases are the *Lewis* and *Matthews* decisions cited above and relied on by the government in support of its argument that section 503 is controlling in these circumstances. In neither of those cases did the plaintiffs claim back pay for periods of time prior to their convictions. Mr. Harris thus infers that this is because both of those plaintiffs must have been paid during their civil confinements prior to conviction; otherwise they would have claimed those periods in their

4

We begin with Section 503 and its presumption that a service member who is absent without leave is not entitled to pay unless that absence is "excused as unavoidable." 37 U.S.C. § 503(a) (a service member who is AWOL "forfeits all pay and allowances from the period of that absence, unless it is excused as unavoidable."). The DOD regulations provide for circumstances when a service member's absence is considered excused as unavoidable. The provision cited by plaintiff, Rule 5 of Table 1-12, states that, if a member absent from duty because he is "in confinement by civil authorities" and the "absence is excused as unavoidable (see Table 1-13)," then he "is entitled to otherwise proper credits of pay and allowances." DOD Regulation, vol. 7A, ch.1 at 63, Table 1-12, Rule 5. If, however, "the absence is not excused as unavoidable (see Table 1-13)," then the member is "not entitled to pay and allowances." *Id.* Rule 5 thus poses the question rather than answers it and refers the reader to the answer, Table 1-13.

Table 1-13 is entitled "Rules for Determining Whether Absence is Unavoidable." Rules 1-10 of that table apply "when a member is absent from duty in confinement by civil authorities." *Id.* at Table 1-13, Rules 1-10. Eight of the ten circumstance described in these rules deal with the ultimate outcome of a service member's criminal case. Rule 1 concerns acquittal; Rule 2 covers charges dismissed or the member's death; Rule 3 deals with pretrial release and restitution made; Rule 4 applies when a member is granted bail and the trial is postponed indefinitely; Rule 5 concerns when the charges are dropped or the jury is hung. Rule 6, cited by defendant, deals with trial and subsequent conviction. In that case, the absence "may not be excused as unavoidable." *Id.* at Rule 6. Rule 7 covers an appeal that does not result in an acquittal; Rule 8 states that when a member is discharged because of imprisonment or conviction, his absence is not excused; Rule 9 applies when the confinement results because of failure to obey a court order; and Rule 10 concerns those

---

respective complaints, argues plaintiff. In the third case, *Paalan v. United States*, 120 Fed. App'x 817 (Fed. Cir. 2005), the plaintiff claimed back pay only for the period of confinement after his court martial. Plaintiff infers that he did not claim pre-court martial confinement back pay because the Navy paid him until he was court martialed, consistent with what plaintiff argues is the Navy's usual practice. We have considered these decisions but find that none support plaintiff's argument. They do not speak to the issue of whether a service member's pre-conviction confinement is excused under 37 U.S.C. § 503.

5

tried and found not guilty by reason of insanity (absence is excused). None of the rules treat civil confinement while awaiting trial as a separate classification, and thus they do not grant plaintiff cover for his absence prior to his conviction. Instead, Rule 6, the only circumstance listed that fits plaintiff's current situation, draws no distinction between the period before and after conviction. That is to say, given the fact that we now know plaintiff was convicted, his absence turns out not to be excused. We need not speculate on what the outcome should be if the challenge is brought prior to a judgment of acquittal or conviction. The way the rules are structured, it is sufficient to say that plaintiff can point to no regulation that characterizes his pre-conviction status as an excused absence. He is thus unable to state a claim for which relief can be granted for back pay under the Military Pay Act.

II. Constitutional Claims

Apparently anticipating this outcome, plaintiff also challenges the application of the statutes and regulations as unconstitutional because they do not afford him due process. Plaintiff further challenges the jurisdiction of the civilian court to convict him because he was a member of the military. Defendant has moved to dismiss both claims as outside of this court's jurisdiction.

The Tucker Act gives this court jurisdiction to "render judgment against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon ay express or implied contract with the United States . . . in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012). The constitutional provision, statute, or regulation upon which the claim is based must be "money-mandating."'" *Fisher v. United States*, 402 F.3d 1167, 1173 (Fed. Cir. 2005). The Tucker Act itself is "only a jurisdiction statute; it does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976). This means that, in order to invoke jurisdiction under the Tucker Act, a claimant must be able to identify a "money-mandating" provision of law, regulation, or contract "affording [him] a right to money damages." *Terran v. Sec'y of Health and Human Servs.*, 195 F.3d 1302, 1309 (Fed. Cir. 1999).

### A. Jurisdiction Over Claims of Due Process Violation Relating to Back Pay

We begin with the due process claim relating to plaintiff's entitlement to pay under the Military Pay Act. Plaintiff argues that, because he was presumed innocent while awaiting trial, the withholding of his pay during this period deprived him of his property without due process of law in violation of the Fifth and Fourteenth Amendments. Defendant responds that this court has consistently held that it lacks jurisdiction over Fifth and Fourteenth Amendment due process claims. *See LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (holding that the Court of Federal Claims does not have jurisdiction to hear claims under the Fifth and Fourteenth Amendment because those are not money-mandating provisions of law). Although defendant's observation is correct, plaintiff's claim is not a naked assertion of rights under those amendments as was the case in *LeBlanc* and other similar jurisdictional dismissals.

Where a plaintiff relies on a federal pay statute to establish his substantive right to damages, the alleged unconstitutional withholding of that pay is not outside of the Tucker Act's purview. *Kennedy v. United States*, 5 Cl. Ct. 792, 795 (1984) (finding jurisdiction when the plaintiff derived his substantive right from the pay statute coupled with his claim that he was deprived of that substantive right in violation of his First Amendment). Here, plaintiff relies on the Military Pay Act as establishing a substantive right to damages under the Tucker Act. He argues that the application of the AWOL statute and implementing DOD regulations run afoul of the Constitution's due process protections. There is a sufficient nexus between his alleged violation of Fifth and Fourteenth Amendment rights and the Military Pay Act to establish jurisdiction under the Tucker Act. *See Holley v. United States*, 124 F.3d 1462, 1466 (Fed. Cir. 1997).

### B. Failure to State a Claim

We thus consider whether plaintiff's due process claim is legally deficient because it fails to state a claim that could entitle him to relief. Before reaching the question of whether such a claim withstands Rule 12(b)(6) scrutiny, we note that, due to the somewhat anomalous procedural history of this motion, we are technically raising this issue *sua sponte*. Plaintiff's original complaint asked for damages under the Military Pay Act from the moment of plaintiff's pretrial confinement until the present day because he has not yet

7

been discharged. Defendant moved to dismiss the complaint for failure to state a claim, citing the application of the AWOL statute to plaintiff's claims. In response, plaintiff moved to amend his complaint to reduce his claim to the period of confinement prior to his sentencing. The proposed complaint also contained substantive arguments in response to defendant's motion, such as the citation to Table 1-12 and the assertion of due process rights. In order to avoid further delay in resolving the motion and because there was no prejudice to plaintiff in doing so, we denied the motion to amend the complaint but directed the clerk's office to treat the filing as a response to defendant's motion to dismiss. Defendant then brought the jurisdictional challenges to the due process arguments in its reply brief but did not challenge these new claims under Rule 12(b)(6). We allowed plaintiff to file a sur-reply to respond to those arguments.

Normally, the court considers the issue of whether a complaint alleges a claim for which the court can afford relief upon a motion by a party. *See* RCFC 12(h)(2). By contrast, the issue of subject matter jurisdiction can be raised at any time, including by the court of its own accord. RCFC 12(h)(3). The court may, however, under certain circumstances, raise the issue of the merits of the complaint *sua sponte*. *See, e.g., Constant v. United States*, 929 F.2d 654, 657 (Fed. Cir. 1991) (affirming a *sua sponte* dismissal for failure to state a claim). The test is whether "additional proceedings would enable the plaintiff to prove facts entitling him to prevail." *New York Life Ins. Co. v. United States*, 190 F.3d 1372, 1377 (Fed. Cir. 1999). Here, the issues were well ventilated by the parties' briefing, and defendant lost the opportunity to formally move under Rule 12(b)(6) on this claim due only to the court's own procedural order. We thus find it appropriate to raise the issue now because further proceedings will not enable plaintiff to prove facts that would entitle him to prevail.

Plaintiff argues that the withholding of his pay prior to conviction, a period during which the accused is presumed innocent, without opportunity to be heard on the issue of garnishment violates the fundamental constitutional protection from the deprivation of liberty and property without due process of law. Plaintiff cites *Sniadach v. Family Finance Corp.*, 395 U.S. 337 (1969), where the Supreme Court struck down a Wisconsin state statute that allowed for prejudgment garnishment of wages when those wages were the subject of a civil action for garnishment. The Court held that the automatic garnishment of a person's wages prior to a decision on the merits violated the Fourteenth Amendment's due process protections. *Id.* at 341-42. Plaintiff also cites *Bell*

*v. Wolfish*, 441 U.S. 520 (1979), for the proposition that due process rights attach to actions that deprive confined persons of liberty and property rights prior to conviction. Reading these two cases together, plaintiff argues that the Navy could not legally have stopped paying him prior to his conviction without some additional process being afforded. We disagree.

Plaintiff has confounded pretrial actions taken during a criminal proceeding by the forum prosecuting the crime with the administrative actions taken by the Navy concerning plaintiff's pay status. The Court in *Bell v. Wolfish* stated that accused persons cannot generally be deprived of liberty or property prior to their conviction unless afforded probable cause and bail hearings. *Bell*, 441 U.S. at 535-36. If the state affords that process and the accused remains detained, the only question is whether the conditions placed on the accused's rights are too punitive or otherwise in violation of the law. *Id.*

Here, plaintiff does not question his pretrial confinement or the other conditions placed upon his liberty rights prior to his trial, nor would this be the court in which to assert such a challenge. The rights cited in *Bell* are thus not implicated here. The challenge is to the Navy's administrative withholding of pay during his civilian confinement. There is no doubt that the Navy has the legal authority to do so pursuant to 37 U.S.C. § 503. *See Matthews*, 750 F.3d at 1323. The only question that remains is whether doing so without some sort of a hearing prior to conviction invokes the due process protections of the Constitution. It does not.

The law is clear that a service member's right to pay is statutorily grounded. *Dock v. United States*, 46 F.3d 1083, 1084 (Fed. Cir. 1995). It follows that conditions on this right to receive pay can be enacted by legislation and implementing regulation. *Id.* at 1088 ("Members have a statutory right to their pay, but that right is the creation of Congress, and it is subject to the conditions Congress chooses to put upon it."). Section 503 reasonably conditions the right to receive pay on a service member's availability for duty. If the service member is unavailable and not otherwise excused, that member is not entitled to pay. Plaintiff does not challenge that he was AWOL during his civilian confinement. That law is settled. *Matthews*, 750 F.3d at 1323. The implementing DOD regulations list circumstances when an absence is excused. The fact that plaintiff does not, as explained above, fit under one of the categories excusing his absence–namely because he was subsequently tried and convicted–means that the Fifth and Fourteenth
9

Amendments are not implicated. *See Thomas v. Cheney*, 925 F.2d 1407, 1412 n.5 (Fed. Cir. 1991) ("To require that every time the Army–basically acting in its capacity as an employer–makes a determination to 'dock' an employee's wages or benefits for inexcusable absence, a universe of procedural due process rights arises equal to that in a criminal proceeding, would turn due process on its head."). Unlike the Wisconsin statute at issue in *Sniadach*, the DOD regulations do not operate to garnish pay without consideration of the underlying merits of the civilian criminal case. Plaintiff here was subsequently found guilty. He was therefore not statutorily eligible to receive pay during his detention. These allegations thus fail to state a claim upon which relief can be granted.

### C. Plaintiff's Challenge to Civilian Jurisdiction

Plaintiff's final challenge is to the jurisdiction of the civilian court to prosecute him as a military service member. He asserts that such jurisdiction was a violation of the Sixth and Fourteenth Amendments. Defendant moves to dismiss this challenge for lack of jurisdiction. We agree.

This claim is independent of plaintiff's back pay claim and is not otherwise attendant to it. The Court of Federal Claims "does not have jurisdiction to review the decisions of other district courts." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994). This includes review of whether a district court has jurisdiction over a particular case. Further, it is well settled that this court "does not have jurisdiction to review and overturn criminal convictions." *Anderson v. United States*, No. 15-614C, 2015 WL 3826239, at *2 (Fed. Cl. June 19, 2015). This claim must dismissed for lack of jurisdiction.

### CONCLUSION

In sum, we have jurisdiction over both of plaintiff's back pay claims but lack jurisdiction over his challenge to being subjected to the civilian criminal justice system while a member of the armed services. Nevertheless, because plaintiff was not entitled to pay during his pretrial civilian confinement, he fails to state a claim for which relief can be granted. Accordingly, the following is ordered:

1. For good cause shown, plaintiff's motion to proceed *in forma pauperis* is granted.

2. Defendant's motion to dismiss for lack of jurisdiction is granted as to plaintiff's claim challenging the jurisdiction of the district court to try and convict him. The motion is denied in all other respects.

3. Defendant's motion to dismiss for failure to state a claim pursuant to RCFC 12(b)(6) is granted as to plaintiff's claim of statutory and regulatory entitlement to pay.

4. We *sua sponte* dismiss plaintiff's due process challenge to the application of those statutes and regulations as failing to state a claim upon which relief may be granted. No further legal proceedings would allow plaintiff to prove facts that would entitle him to relief.

5. The clerk of court is directed to dismiss the complaint and enter judgment accordingly. No costs.

ERIC G. BRUGGINK
Senior Judge